**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **In Chapter 11** |
| | ) | |
| **KDK, INC. d/b/a Vivo Restaurant,** | ) | **Case No.  09 B 09893** |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | Motion Date:  December 29, 2009 |
| | ) | Motion Time:   9:30 a.m. |

## NOTICE OF MOTION

TO:     See attached

    PLEASE TAKE NOTICE THAT on December 29, 2009 at the hour of 9:30 a.m., the **FINAL APPLICATION FOR COMPENSATION FOR COUNSEL FOR THE DEBTOR**, shall be heard by the Honorable Eugene R. Wedoff of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, in Room 744 at 219 South Dearborn Street, Chicago, Illinois. 60604. A copy of same is attached hereto and thereby served upon you.  You may appear if you so see fit.

                                                                                                QUERREY & HARROW, LTD.

## AFFIDAVIT OF SERVICE

    I, Beverly A. Berneman, an attorney, certify that I caused the foregoing Notice of Motion upon the persons to whom it is addressed by mailing copies of the same to them and depositing it in the U.S. Mail at 175 West Jackson Boulevard, Chicago, Illinois at 4:00 p.m. on November 30, 2009, with proper postage prepaid.

                                                       /s/Beverly A. Berneman
                                                           Beverly A. Berneman

QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois  60604
312-540-7000

## Service List

Cameron S. Gulden
Office of the U.S. Trustee
219 S.Dearborn, Suite 873
Chicago, IL 60604

Jeffrey S. Burns
Crowley Barrett & Karaba, Ltd.
20 S. Clark Street, Suite 2310
Chicago, IL 60603-1806

Joel F. Handler, Esq.
55 W. Wacker Drive, Suite 950
Chicago, IL 60601

Jeffrey B. Rose
Bruce L. Wald
Tishler & Wald, Ltd
200 S Wacker Drive
Suite 3000
Chicago, IL 60606

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | In Chapter 11 |
| | ) | |
| KDK, INC. d/b/a Vivo Restaurant, | ) | Case No.  09 B 09893 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | Motion Date:   December 29, 2009 |
| | ) | Motion Time:   9:30 a.m. |

**FINAL APPLICATION FOR COMPENSATION FOR
COUNSEL FOR THE DEBTOR**

The law firm of QUERREY & HARROW, LTD. ("Q&H"), counsel for the Debtor, KDK, INC. d/b/a Vivo Restaurant ("KDK" or "Debtor"), applies to this court for an order approving the payment of final compensation in the amount $27,325.50 plus costs in the amount of $373.30 and in support thereof states as follows:

**I.  Narrative Summary**

KDK filed for relief under Chapter 11 of the Bankruptcy Code on March 23, 2009. The retention of Q&H as counsel for the Debtor was approved by the Bankruptcy Court on April 22, 2009 effective as of March 23, 2009.

Debtor paid Q&H a pre-petition retainer in the amount of $2,961.00 plus a cost advancement of $1,039.00.

On October 8, 2009, this Court entered an order granting Q&H's first interim fee petition and awarded $26,604.50 in fees and allowed reimbursement of costs in the amount of $1,042.75.

This is Q&H's final fee petition.

**II.  Case Status**

The Debtor's Plan of Reorganization was confirmed on October 8, 2009.

Details regarding these activities and other activities will be discussed further below.

### III. Description of the Fee Petition

A.  <u>General Information.</u>  Rule 2016(a) of the Bankruptcy Rules requires a detailed application for fees.  The primary objective of this fee application is to reveal sufficient information to enable the court to determine whether the services rendered in representing the Debtor were reasonable, actual and necessary.  Q&H has provided accurate and detailed records of the services which were made contemporaneously with the services performed.  *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

The statement of services includes a summary, by category, of the work done and time expended in each category.  Much care has been taken to properly categorize the activities to the degree possible.  Billing judgment was used to exclude hours which were excessive, redundant or otherwise unnecessary. *Hensley v. Eckerhart*, 461 U.S. 424, 76 L.Ed.2d 40, 103 S.Ct. 1933 (1983); *In re Temple Retirement Community, Inc*., 97 B.R. 333 (Bkrtcy. W.D.Tex. 1989); In re *Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

B.  <u>Billing Entries.</u>  Q&H uses computerized time and billing software in the preparation of a fee petition.  The software is versatile and lends itself to the particular requirements of a fee petition under the Bankruptcy Code.

This final fee petition contains a narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity.  It contains a statement explaining the significance of the activity as well as the purpose, necessity and appropriateness of each such service.  Where appropriate, it contains a statement of the

effectiveness of the activity, alternatives considered, method for choosing the action taken, a statement of any difficult or unusual problems which arose in the case and the manner in which it was addressed. *In re Wildman*, 72 B.R. 700 (Bkrtcy.N.D.Ill. 1987).

    C.      Hourly Charges.

Q&H charges all clients, including for non-bankruptcy matters, $480.00 per hour for partner attorney time in court, $320.00 per hour for other partner attorney time, $225.00 per hour for associate time, $150.00 per hour for travel time and $85.00 per hour for paralegal time.

### IV. Project Summary

From August 1, 2009 to October 8, 2009, KDK has incurred $27,325.50 in fees at Q&H's customary hourly fee rates and $373.30 in expenses.

Attached hereto is a detailed, chronological description by category of the services performed on behalf of KDK during the relevant time period. The billing rates for each attorney and paraprofessional are identified.

The following is a detailed narrative summarizing the nature and purpose of each particular activity or project and the approximate number of hours and compensation sought for each activity:

*A.*     *ADMINISTRATION.*

The activities in the general administration category are those activities which are a necessary part of the representation of the Debtor such, reviewing monthly operating reports, responding to inquiries from creditors, communicating with the United States Trustee's office and advising Debtor about its operations as a debtor in possession. The benefits of these services to the Debtor and its estate were both economic and non-economic. The economic benefits resulted in the Debtor being able to streamline its operations. The remainder of the services was of non-economic benefit to the Debtor and its estate by promoting the bankruptcy process and the smooth administration of the case.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R.R. Benjamin | 2.70 | 320.00 | 864.00 |
| B.A. Berneman | 2.00 | 320.00 | 640.00 |
| K.C. Sheldon (paralegal) | 1.10 | 85.00 | 93.50 |
| | 5.80 | | $ 1,597.50 |

**B.    ADVERSARY COMPLAINTS**

The activities in the adversary complaints category are those activities connected to evaluating avoidance power actions. The services benefited the estate on an economic basis by protecting the estate from diminution. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| B. A. Berneman | 0.60 | 320.00 | 192.00 |

**C.    CLAIMS**

The activities in the claims category are those activities connected with the claims that require attention such as responding to inquiries from creditors and reviewing proofs of claim. The services benefited the estate on an economic basis by protecting the estate from diminution. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A.

A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| K.C. Sheldon (paralegal) | 0.30 | 85.00 | 25.50 |

**D.    CONTESTED MATTERS**

The activities in the contested matters category are those activities connected to an ongoing dispute with the owner of part of the premises being used by the Debtor. Debtor believes that the tenancy is that of a tenant at sufferance although the Court ruled otherwise. The matter has been the subject of various motions. The services benefited the estate on an economic basis by protecting the estate. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 4.20 | 320.00 | 1,344.00 |
|  | 1.00 | 480.00 | 480.00 |
| B. A. Berneman | 11.80 | 320.00 | 3,776.00 |
| C.J. Harney | 15.10 | 225.00 | 3,397.50 |
|  | 32.10 |  | 8,997.50 |

### E. EXECUTORY CONTRACTS

The activities in the executory contracts category are those activities connected with the assumption and rejection of executory contracts. The services benefited the estate on an economic basis by facilitating Debtor's ability to reject contracts that were burdensome on the estate and protect valuable executory contracts. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R. R. Benjamin | 0.40 | 320.00 | 128.00 |
| B. A. Berneman | 2.50 | 320.00 | 800.00 |
|  | 2.90 |  | $ 928.00 |

F.   **OBJECTION TO CLAIM**

The activities in the objection to claim category are connected to objections to claims of creditors. The services benefited the estate on an economic basis by assuring a proper distribution to creditors. The services benefited the estate on a non-economic basis by facilitating the bankruptcy process.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| B.A. Berneman | 2.80 | 320.00 | 896.00 |

G.   **PLAN**

Debtor and counsel have been working diligently to draft a feasible plan and a disclosure statement that contains adequate information. The disclosure statement has been approved and the plan confirmed. The initial distribution has been calculated and the Debtor is prepared to make the initial distribution on schedule. The services resulted in an economic benefit to Debtor's estate by aiding the Debtor in concluding these proceedings in a timely manner for the benefit of its unsecured creditors. The non-economic benefits resulted from aiding the administration of the estate.

An itemized breakdown of the services rendered to the Debtor is attached hereto as Exhibit A. A general breakdown is as follows:

| Attorney | Hours | Hourly Rate | Amount |
|---|---|---|---|
| R.R. Benjamin | 7.20 | 320.00 | 2,304.00 |
|  | 1.70 | 480.00 | 816.00 |
| B.A. Berneman | 35.30 | 320.00 | 11,296.00 |
| C.J. Harney | 1.10 | 225.00 | 247.00 |
| K.C. Sheldon (paralegal) | 0.30 | 85.00 | 25.50 |
|  | 45.60 |  | $14,689.00 |

H.   COSTS AND EXPENDITURES

Q&H seeks reimbursement of $373.30 as the expenses it incurred during its representation of the Debtor to date. Expenses were incurred for the following items: Overnight mail charges, computerized research charges for issues related to the extent and priority of liens on property of the estate, postage charges, messenger charges and travel expenses which are itemized in Exhibit A. Debtor agreed to pay for these items pursuant to a written agreement with Debtor's counsel. These expenses were necessary to accomplish the proper representation of the Debtor. An itemization of these costs is included in Exhibit A.

## V.  Certification

Q&H certifies that it served a copy of the chronological itemization of services rendered to the Debtor. To date, the Debtor has not objected to the fees incurred.

## VI.  The Value of the Services for Which Compensation is Sought and Preservation of the Retainer

Section 330(a) of the Bankruptcy Code provides:

(a)   After notice to any parties in interest and to the United States Trustee and a hearing, and subject to sections 326, 328 and 329 of this title, the court may award to a trustee, to an examiner, to a professional person employed under section 327 or 1003 of this title, or to the debtor's attorney;

(1)   reasonable compensation for actual, necessary services rendered by such trustee, examiner, professional person, or attorney, as the case may be, and by any paraprofessional persons employed by such trustee, professional person, or attorney, as the case may be based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title; and

(2)   reimbursement for actual, necessary expenses.

The Bankruptcy Court has the independent authority and responsibility to determine the reasonableness of all fee requests, whether or not objections are filed. *In re Spanjer Brothers, Inc.,* 203 B.R. 85 (Bkrtcy. N.D.Ill., 1996); *In re Pettibone Corporation*, 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987). The burden of proof is on the applicant to show that the fees incurred were actual and

-7-

necessary. *In re Spanjer Brothers, Inc.,* 203 B.R. 85, 89 (Bkrtcy. N.D.Ill., 1996); *In re Chicago Lutheran Hospital Association*, 89 B.R. 719 (Bkrtcy.N.D.Ill. 1988); *In re Pettibone Corporation,* 74 B.R. 293 (Bkrtcy.N.D.Ill. 1987).

The representation of the Debtor adequately corresponds with the time and labor expended by Q&H. The various issues involved required experienced bankruptcy counsel. Q&H attorneys have over sixty (60) years combined experience in the area of bankruptcy law. Less experienced attorneys would not have handled the matters herein as efficiently and as effectively. Due to the substantial time expended on behalf of the Debtor, Q&H was precluded from accepting cases requiring extensive representation during the initial phase of this case. Q&H was able to accomplish a great deal directed towards aiding the Debtor in its streamlining efforts and the preparation and proposal of a plan supported by a detailed disclosure statement. Considering the results obtained by Q&H, the amounts involved are fair and reasonable. This Court has reviewed and ruled upon numerous fee applications and is in a position to determine that the rates herein are reasonable.

## VII. Objections

Any objections to this fee application should be submitted in writing, filed with the Clerk of the Bankruptcy Court For the Northern District of Illinois, Eastern Division, 219 South Dearborn, Chicago, Illinois 60604 and delivered to counsel at the address below on or before December 23, 2009.

## VIII. Conclusion

WHEREFORE, QUERREY & HARROW, LTD. requests that this court enter an Order:

A.    Determining that the legal services and fees incurred were necessary and reasonable;

B.    Allowing final compensation in the amount of $27,325.50;

-8-

    C.      Allowing reimbursement of expenses in the amount of $373.30;

    D.      Permitting counsel to apply the retainer and cost advancement to the sums awarded; and

    E.      Granting such other and further relief as this court may deem just and proper.

                          QUERREY & HARROW, LTD.

                          By: /s/Beverly A. Berneman
                              Beverly A. Berneman

Robert R. Benjamin (ARDC # 10070429)
Beverly A. Berneman (ARDC # 06189418)
QUERREY & HARROW, LTD.
175 West Jackson Boulevard, Suite 1600
Chicago, Illinois 60606
(312) 540-7000